CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LUKEEN GERALD, | ) |
| Plaintiff, | ) Case No. 7:24-cv-00420 |
| v. | ) **MEMORANDUM OPINION** |
| JUSTIN THURBER, *et al.*, | ) By: Hon. Thomas T. Cullen |
| Defendants. | ) United States District Judge |

Plaintiff Lukeen Gerald, a federal prisoner proceeding *pro se*, filed this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendants Justin Thurber, J. Gilbert, and M. Vinzant (collectively "Defendants"), all employees of the Federal Bureau of Prisons. (*See* Compl. [ECF No. 1].) Defendants have jointly moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56. (*See* Defs.' Mot. to Dismiss or for Summ. J. [ECF No. 12].) For the following reasons, the court will grant Defendants' motion and dismiss Plaintiff's claims.

## I.

Plaintiff alleges that on February 23, 2023, at approximately 10:50 p.m., he was assaulted by Thurber in the C-unit staff alley at USP Lee. (Compl. 4–5, 14.) He alleges that Defendants took him from a secure location to an unsecure location to search him. (*Id.* at 14–15.) Plaintiff claims Gilbert threatened to kill Plaintiff if he did not comply and helped other corrections officers put Plaintiff in a leg hold. (*Id.* at 14.) Plaintiff alleges that Thurber punched and kicked him and that Vinzant pulled out one of Plaintiff's dreadlocks and called him racial

slurs. (*Id.* at 14–15.) Additionally, Plaintiff alleges that, while he was in ambulatory restraints, Gilbert and other officers forced him to stay on his knees for hours. (*Id.* at 14.) Finally, he alleges Thurber and Vinzant threatened to kill him if he told anyone about the assault and that Thurber, Gilbert, and Vinzant forced Plaintiff to deny any injuries. (*Id.*)

Defendants move to dismiss Plaintiff's claims or for summary judgment, primarily arguing that Plaintiff failed to exhaust his administrative remedies before filing this action and that his claims against Defendants are not cognizable under *Bivens*. (Defs.' Mot. to Dismiss or for Summ. J. 1.) Defendants offer materials from outside of the pleadings to support their exhaustion argument (*see* Exs. to Defs.' Mot. [ECF Nos. 13-1, 13-2, 13-3, 13-4, 13-5, 13-6]), and, if the court were to consider these materials, the court would be required to treat Defendant's motion as one for summary judgment under Rule 56 and allow appropriate time for discovery. Fed. R. Civ. P. 12(d). However, the court agrees with Defendants that Plaintiff's claims are not cognizable under *Bivens* and resolves Defendants' motion under Rule 12(b)(6) without consulting any of the outside materials Defendants have offered.

## II.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer

possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Instead, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief' as required by Rule 8." *Iqbal*, 556 U.S. at 679 (cleaned up).

### III.

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and its progeny, the Supreme Court recognized an implied cause of action for damages against federal officers based on the violation of certain constitutional rights. *Goldey v. Fields*, 606 U.S. 942, 942 (2025). In recent decades, the Supreme Court has repeatedly refused to extend *Bivens* to cover additional constitutional violations, explaining that, "in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Id.* at 942–

43 (quoting *Egbert v. Boule*, 596 U.S. 482, 486 (2022)); *see also Egbert*, 596 U.S. at 491 ("[R]ecognizing a cause of cation under *Bivens* is a disfavored judicial activity." (citations omitted)). And when faced with a proposed *Bivens* claim, a court engages in a two-step inquiry to decide whether the claim is cognizable. *Egbert*, 596 U.S. at 492. First, the court asks "whether the case presents a new *Bivens* context—*i.e.*, is it meaningfully different from the three cases in which the [Supreme] Court has implied a damages action." *Id.* (citations and internal quotation marks omitted). If so, the court proceeds to the second step and asks whether there are any "'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (cleaned up). If such special factors are present—"[i]f there is even a single reason to pause before applying *Bivens* in a new context"—the court cannot recognize a *Bivens* remedy. *Id.* (citations omitted).

The Supreme Court has never recognized a *Bivens* remedy for excessive-force claims brought under the Eighth Amendment. *See Goldey*, 606 U.S. at 942. And earlier this year, the Supreme Court held that an Eighth Amendment excessive-force claim brought by a federal inmate against federal corrections officers presented a new *Bivens* context and that "'special factors' counsel against recognizing an implied *Bivens* cause of action for Eighth Amendment excessive-force violations." *Id.* at 944. The Court reasoned that "Congress has actively legislated in the area of prisoner litigation but has not enacted a statutory cause of action for money damages." *Id.* (citations omitted). It further reasoned that "extending *Bivens* to allow an Eighth Amendment claim for excessive force could have negative systemic consequences for prison officials and the 'inordinately difficult undertaking' of running a prison." *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 84–85 (1987)). Finally, the Court explained that the existence of

an alternative remedial structure for aggrieved federal prisoners "counsels against allowing *Bivens* suits even if such 'procedures are not as effective as an individual damages remedy.'" *Id.* at 944–45 (quoting *Egbert*, 596 U.S. at 498).

The Supreme Court's decision in *Goldey* forecloses any cognizable *Bivens* action in this case. Although Plaintiff states in his complaint that his claims arise under the Fifth and Fourteenth Amendments, claims for excessive force brought by convicted prisoners are governed by the Eighth Amendment's prohibition of cruel and unusual punishment. *Fraley v. Davis*, No. 21-6641, 2022 WL 3210702, at *1 (4th Cir. Aug. 9, 2022) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015)). In this action, there is nothing to meaningfully distinguish Plaintiff's proposed *Bivens* claims from the claims that were squarely rejected in *Goldey*. Consequently, Plaintiff has no cause of action for damages against Defendants based on their alleged use of unconstitutional force against him, and the court must dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim for which relief may be granted.

## IV.

For the reasons set forth above, the court will grant Defendants' motion to dismiss and dismiss Plaintiff's claims in their entirety.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 17th day of September, 2025.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE